IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 27,322-03






EX PARTE BRENT ALAN MCLEAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM DENTON COUNTY

IN THE 158TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. F-2005-0312-BWHC1



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of sexual performance by a child (count I) and possession of child pornography
(count II), and punishment was respectively assessed at confinement for 15 and 5 years.

No direct appeal was taken. 

 Applicant contends that he received ineffective assistance of counsel by counsel's
failing to file and urge a motion to suppress evidence based upon a defective search warrant
because it was not supported by an affidavit that sufficiently alleged probable cause.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. See Taylor v. State, 54
S.W.3d 21 (Tex. App.-Amarillo 2001, no pet.); Kimmelman v. Morrison, 477 U.S. 365, 106
S.Ct. 2574, 91 L.Ed.2d 305 (1986). Therefore, it is this Court's opinion that additional facts
need to be developed and because this Court cannot hear evidence, the trial court is the
appropriate forum. The trial court may resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
trial counsel, or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection.

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether applicant received effective assistance of counsel, whether a motion to
suppress was urged by trial counsel, and if not, whether a properly lodged motion to suppress
based upon a defective search warrant lacking probable cause would have been granted. The
trial court should also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, and including a complete copy of the
probable cause affidavit shall be returned to this Court within 120 days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2005.


DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.